# EXHIBIT A



**THE MARCHESE LAW FIRM, LLC**

93 SPRING STREET, SUITE 300, NEWTON, NJ 07860
OFFICE: (973) 383-3898  FAX: (973) 383-7349
EMAIL: dan@marchesefirm.com

**Attorney(s) for Plaintiffs Estate of Wanda Kaegi and Victor Kaegi, and Estate of Stephen Blaine and Sharon Farrell**
**Attorney ID#: 004291998**

| | |
|---|---|
| ESTATE OF WANDA KAEGI and VICTOR KAEGI, and ESTATE OF STEPHEN BLAINE and SHARON FARRELL, | : SUPERIOR COURT OF NEW JERSEY<br>:  LAW DIVISION:  SUSSEX COUNTY<br>:<br>: DOCKET NO.:  SSX-L-      -20 |
| Plaintiffs, | :<br>: CIVIL ACTION |
| v. | :<br>: COMPLAINT<br>: (Class Action) |
| ANDOVER SUBACUTE REHABILITATION CENTER I; ANDOVER SUBACUTE REHABILITATION CENTER II; ALTITUDE HEALTH SERVICES INC.; ALTITUDE INVESTMENTS, LTD; ALLIANCE HEALTHCARE; CHAIM "MUTTY" SCHEINBAUM; LOUIS SCHWARTZ; JOHN AND JANE DOES 1-10; and ABC AND XYZ CORPORATIONS 1-10, | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |
| Defendants. | |

This is an individual, and Class Action, pursuant to <u>Rule</u> 4:32 of the Rules Governing the Courts of the State of New Jersey, on behalf of all persons on and after January 1, 2020 through the Present, who were residents and/or patients of Defendants Andover Subacute Rehabilitation I and Andover Subacute Rehabilitation II (hereinafter also referred to as the "Class") and who died as a result of the Covid-19 outbreak at those facilities, and Plaintiffs, by and through their attorney(s) do say:

1

**PARTIES**

1.      Plaintiff Victor Kaegi is the son of the deceased, Wanda Kaegi, and is a resident of the State of New Jersey and has applied to become administrator of the Estate of Wanda Kaegi.  Victor Kaegi brings this action on behalf of the Estate of Wanda Kaegi, in his own right and on behalf of all "others similarly situated," whether deceased or next of kin and/or heirs of the deceased.  Plaintiff Sharon Farrell is the sister of the deceased, Stephen Blaine, and is a resident of the State of Florida and likewise has applied to become administrator of the Estate of Stephen Blaine.  She also brings this action on behalf of the Estate of Stephen Blaine, and in her own right and on behalf of all "others similarly situated," whether deceased or next of kin and/or heirs of the deceased.

2.      Plaintiff(s) are representing all "others similarly situated," in this Class Action, such as those residents and/or patients that died as a result of the Defendants' failures in protecting them from the Covid-19 virus during and throughout the outbreak and pandemic, and their heirs, survivors and next of kin.

3.      Defendant Andover Subacute Rehabilitation Center I is located at: 1 Obrien Lane, Lafayette Township, NJ 07848.

4.      Defendant Andover Subacute Rehabilitation Center II is located at: 99 Mulford Road, Lafayette Township, New Jersey  07848.

5.      Defendants Altitude Health Services, Inc. and/or Altitude Investments, LTD, are entities that lease the properties where Defendants Andover Subacute Rehabilitation Centers I and II operate and has a business address of: 2201 Main Street, Evanston, Illinois  60202.

6.      Defendant Alliance Healthcare is a New Jersey domiciled company, with a business address at:1382 Lanes Mill Road, Lakewood, New Jersey  08701, USA, and is owned and/or operated by Defendant Chaim "Mutty" Scheinbaum and Defendant Louis

2

Schwartz, who also hold the same address. Defendant Alliance Healthcare's motto is: "The Greatest Care in the Most Home-Like Environment."   Defendant Alliance Healthcare operates both Defendants Andover Subacute Rehabilitation Centers I and II.

7.     JOHN and JANE Does 1-10 are as yet unnamed health care professionals (medical doctors, nurses, physician's assistants and other medical professionals duly licensed to practice medicine under the laws of the State of New Jersey), and/or administrators, and/or aides, and/or sanitation workers, and/or orderlies and/or food preparation employees, and/or security officers, who worked at Defendants Andover Subacute Rehabilitation Centers I and II.

8.     ABC and XYZ CORPORATIONS 1-10 are as yet unnamed entities, agents, managers, owners, operators that owned and/or operated Defendants Andover Subacute Rehabilitation Centers I and II.

## STATEMENT OF FACTS

9.     In or about January of 2020, Defendants were made aware of a virus spreading world-wide and nationally, known as Covid-19, that caused severe medical distress and death in individuals who caught the disease, especially the elderly.

10.     COVID-19 can spread rapidly in long-term residential care facilities and persons with chronic underlying medical conditions are at greater risk for COVID-19.

11.     In fact, in February 2020, at a health care facility in Washington State, residents and/or patients there were the first in the nation to suffer from and die as a result of the Covid-19 virus; news of the dire situation and the first deaths in the United States at the Life Care Center in Kirkland, Washington was widespread.

12.     Defendants Andover Subacute Rehabilitation Centers I and II first declared a Covid-19 outbreak on March 26, 2020.

13.     Despite these facts, Defendants failed to take the proper steps to protect the residents and/or patients at their facilities from the Covid-19 virus.

14.     Evidently, at first, Defendants' management provided masks only to registered nurses, not to others who also interacted with residents, including housekeepers, recreation therapists and nursing assistants, among other potential miscues.

15.     As a consequence of Defendants' failures in this regard, Wanda Kaegi, a resident/patient, died on May 2, 2020, with her cause of death confirmed as "Covid-19 virus infection," and Stephen Blaine, also a resident/patient, died on April 11, 2020, with his cause of death confirmed as "Covid-19 infection," as well.

16.     In the wake of the outbreak and the aforementioned failures, at least 50-plus other patients were infected and died at Defendants Andover Subacute and Rehabilitation Centers I and II facilities from Covid-19 infections, and there may be more deaths.

17.     Ms. Kaegi's and Mr. Blaine's death and that of the other residents/patients were a direct result of Defendants' failures to take measures to protect them at the facilities from the deadly Covid-19 virus, and/or medical malpractice.

18.     As a direct and foreseeable consequence of the Defendants' failures in taking safety precautions during the Covid-19 outbreak (pandemic), members of the Class sustained loss, damages, injury and death, and their survivors and/or heirs have also sustained loss and damages as a direct consequence of the same.

19.     The claims asserted herein are premised on negligence and gross negligence, wrongful death and medical malpractice.  Plaintiffs also seek recovery of damages, replete with punitive damages, from all of the Defendants based upon the aforementioned causes of action, and, conduct that was grossly reckless, willful, and wanton, in the face of the Covid-19 outbreak and pandemic.

## CLASS REPRESENTATION ALLEGATIONS

20.     As described above, this is an individual and Class Action pursuant to Rule 4:32 of the Rules Governing the Courts of the State of New Jersey on behalf of all persons that, on and after January 1, 2020 through the Present, were residents and/or patients of Defendants Andover Subacute Rehabilitation I and Andover Subacute Rehabilitation II and who died as a result of the Covid-19 outbreak at those facilities.

21.     There are questions of law and fact which are common to members of the Class which predominate over questions affecting any individual class member.   The common questions include, *inter alia*, the following:

(a)     Whether the fact that the Defendants permitted visitors and/or employees to come to work without first taking their temperatures or requiring them to wear protective masks and/or gear while working with or near the residents and/or patients at the Defendant facilities;

(b)     Whether the fact that the lack of safety and/or preventative measures in the wake of the Covid-19 outbreak and pandemic caused the putative Plaintiff(s) to suffer needlessly and die;

(c)     Whether the actions or inactions of the Defendants that precipitated and/or caused these safety measure lapses were abnormally dangerous and/or in wanton, willful or reckless disregard of the safety and interests of the members of the Class;

(d)     Whether the actions of the Defendants were negligent causing damages to the members of the Class;

(e)     Whether members of the Class sustained damages as a result of the Defendants' safety measures breakdowns and failures;

(f)    Whether the damages sustained by members of the Class were foreseeable by the Defendants, given the widespread news of the injury and death in the wake of the Covid-19 outbreak and pandemic in the United States and the lack of preparedness and taking of proper measures to ensure resident and/or patient safety at the Defendant facilities;

(g)    Whether the conduct of the Defendants, was reckless and/or grossly negligent; and

(h)    Whether the Defendants are liable to the Class for punitive damages.

22.    Plaintiff(s) in this proposed class action assert claims typical of those of the individual members of the proposed Class, namely: negligence, gross negligence, wrongful death and medical malpractice.  Plaintiff(s) interests are not antagonistic to or in conflict with the Class as a whole.  Moreover, Plaintiff(s) and the members of the Class suffered damages in the same or similar ways as a result of the Defendants' actions and/or inactions as described, *infra* and *supra*.  In addition, Plaintiff(s) and the members of the Class are relying on the same legal theories and causes of action.

23.    There are approximately 50-plus total members of this Class currently (possibly more), without consideration of next of kin, survivors and/or heirs.  Therefore, joinder of all members of the Class would be impracticable.

24.    The named Plaintiff(s) will fairly and adequately protect and represent the interests of each member of the Class.  Among other things, Plaintiffs have suffered the same or similar harm as the other members of the Class and will zealously pursue their claims against the Defendants.  In addition, Counsel for Plaintiffs(s) is amply qualified to represent the interests of the Class.  Counsel is a respected member of his legal community, who has been continuously Certified by the Supreme Court as a Civil Trial Attorney since March 6, 2007 (re-certified in 2013, and re-certified again in 2017/2018), and has engaged

in complex civil litigation in the State of New Jersey for the past nearly twenty-two (22)
years, including medical malpractice matters and class action case(s).

25.    A class action is superior method for adjudicating the controversy.  First,
the thousands of dollars that would be required to litigate this case on an individual basis
make it unlikely that members of the Class will seek redress for the wrongful conduct
alleged.  Moreover, it is desirable to concentrate the litigation in a single forum since the
disposition of Class members' claims in a class action will provide substantial benefits to
both the parties and the Court, and denial of class certification may result in a multitude of
individual suits, with the potential for incongruity of adjudication and results.  Finally, no
unusual difficulties are likely to be encountered in the management of this class action, as
it is fairly straight forward.  The proceedings can be structured to simplify the initial trial
on common issues.  In addition, the Court has flexibility to manage special claims through
the creation of a subclass or subclasses and though deferral of individual claims to
subsequent claims proceedings.

### FIRST COUNT
**(Negligence – Wrongful Death**
**as to Defendants Andover Subacute Rehabilitation Centers I and II, Altitude Health**
**Services Inc., Altitude Investments, LTD, Alliance Healthcare, Chaim "Mutty"**
**Scheinbaum, and Louis Schwartz)**

26.    Plaintiffs hereby incorporate by reference each of the preceding allegations
as though fully set forth herein.

27.    Defendants Andover Subacute Rehabilitation Centers I and II, Altitude
Health Services Inc.; Altitude Investments, LTD, Alliance Healthcare, Chaim "Mutty"
Scheinbaum, and Louis Schwartz owed a duty to Wanda Kaegi, Stephen Blaine, and the
residents and/or patients at the Andover Subacute Rehabilitation Centers I and II facilities
to keep them safe from outside diseases and/or outbreaks of viruses.

28.     Said Defendants breached their duty to Wanda Kaegi, Stephen Blaine, and the residents and/or patients at the Andover Subacute Rehabilitation Centers I and II by failing to monitor outside visitors to the facilities, food preparation, employees, etc. when the same were dealing with the residents and/or patients at the facilities in order to prevent the spread of the Covid-19 virus therein.

29.     As a direct, proximate and foreseeable consequence of that negligent and careless conduct, Wanda Kaegi, Stephen Blaine, and members of the Class caught the Covid-19 infection and thereafter sustained death, loss and injury, and are entitled to damages.

**WHEREFORE**, Plaintiffs, on behalf of themselves and the members of the Class, respectfully seek and demand judgment as follows:

A.  A determination that this action is a proper class action maintainable under Rule 4:32 of the Rules Governing the Courts of the State of New Jersey; and

B.  An Order certifying the Class defined above and appointing the undersigned as counsel for the Plaintiffs and the Class, pursuant to Rule 4:32; and

C.  Damages in an amount to be determined at trial; and

D.  Pre-judgment and post-judgment interest at the maximum rate allowable at law; and

E.  Punitive damages in an amount to be determined at trial; and

F.  The costs and disbursements incurred by the Plaintiffs in connection with this action, including reasonable attorney's fees; and

G.  Such other and further relief as the Court deems just and proper.

## SECOND COUNT
### (Negligence – Wrongful Death
### as to John and Jane Does 1-10 and ABC and XYZ Corporations 1-10)

30.     Plaintiffs hereby incorporate by reference each of the preceding allegations as though fully set forth herein.

31.     Defendants John and Jane Does 1-10 and ABC and XYZ Corporations 1-10 owed a duty to Wanda Kaegi, Stephen Blaine, and the residents and/or patients at the Andover Subacute Rehabilitation Centers I and II facilities to keep them safe from outside diseases and/or outbreaks of viruses.

32.     Said Defendants breached their duty to Wanda Kaegi, Stephen Blaine, and the residents and/or patients at the Andover Subacute Rehabilitation Centers I and II by failing to monitor outside visitors to the facilities, food preparation, employees, etc. when the same were dealing with Wanda Kaegi, Stephen Blaine, and the residents and/or patients at the facilities in order to prevent the spread of the Covid-19 virus therein.

33.     As a direct, proximate and foreseeable consequence of that negligent and careless conduct, Wanda Kaegi, Stephen Blaine, and the other residents and/or patients at Andover Subacute Rehabilitation Centers I and II caught the Covid-19 infection and thereafter sustained death, loss and injury, and are entitled to damages.

**WHEREFORE**, Plaintiffs, on behalf of themselves and the members of the Class, respectfully seek and demand judgment as follows:

A.  A determination that this action is a proper class action maintainable under Rule 4:32 of the Rules Governing the Courts of the State of New Jersey; and

B.  An Order certifying the Class defined above and appointing the undersigned as counsel for the Plaintiffs and the Class, pursuant to Rule 4:32; and

C.  Damages in an amount to be determined at trial; and

D.  Pre-judgment and post-judgment interest at the maximum rate allowable at law; and

E.  Punitive damages in an amount to be determined at trial; and

F.  The costs and disbursements incurred by the Plaintiffs in connection with this action, including reasonable attorney's fees; and

G.  Such other and further relief as the Court deems just and proper.

## THIRD COUNT

**(Negligence – Medical Malpractice**
**as to John and Jane Does 1-10 – medical doctors, nurses, physician's assistants and other medical professionals duly licensed to practice medicine under the laws of the State of New Jersey)**

34.    Plaintiffs hereby incorporate by reference each of the preceding allegations as though fully set forth herein.

35.    Defendants John and Jane Does 1-10 and ABC and XYZ Corporations 1-10 owed a duty to Wanda Kaegi, Stephen Blaine, and the residents and/or patients at the Andover Subacute Rehabilitation Centers I and II facilities to keep them safe from outside diseases and/or outbreaks of viruses.

36.    Said Defendants breached their duty to Wanda Kaegi, Stephen Blaine, and the residents and/or patients at the Andover Subacute Rehabilitation Centers I and II by failing to monitor outside visitors to the facilities, food preparation, employees, etc. when the same were dealing with Wanda Kaegi, Stephen Blaine, and the residents and/or patients at the facilities in order to prevent the spread of the Covid-19 virus therein.

37.    During the course of treating the Wanda Kaegi, Stephen Blaine, and/or other residents and/or patients and in connection with medical services provided to them at Defendants Andover Subacute Rehabilitation Centers I and II, the Defendants negligently and carelessly failed to exercise ordinary care, failed to exercise that degree of skill, diligence and care commonly exercised by other doctors in like circumstances giving due

regard to the existing state of knowledge in medicine, failed to properly treat the Wanda Kaegi, Stephen Blaine, and/or other residents and/or patients, failed to timely diagnose the their condition, failed to apprise them of the risks and options available to them in connection with the services rendered, failed to properly treat their condition and otherwise failed to act as prudent, skillful and careful medical doctors in connection with the services provided to the them prior to and during the outbreak at said facilities.

38.     As a direct and proximate result of the negligence and professional malpractice of the Defendants, as aforesaid, the Wanda Kaegi, Stephen Blaine, and the other residents and/or patients at the Andover Subacute Rehabilitation Centers I and II caught the Covid-19 infection and thereafter sustained great pain and suffering of the mind and body, has and did sustain permanent bodily injuries, has and did incur medical expenses in order to correct the conditions caused by the Defendants, has and was unable to attend to their ordinary routine, employment and affairs and were otherwise damaged and died.

39.     As a direct, proximate and foreseeable consequence of that negligent and careless conduct, Wanda Kaegi, Stephen Blaine, and members of the Class sustained death, loss and injury, and are entitled to damages.

**WHEREFORE**, Plaintiffs, on behalf of themselves and the members of the Class, respectfully seek and demand judgment as follows:

A.  A determination that this action is a proper class action maintainable under <u>Rule</u> 4:32 of the Rules Governing the Courts of the State of New Jersey; and

B.  An Order certifying the Class defined above and appointing the undersigned as counsel for the Plaintiffs and the Class, pursuant to <u>Rule</u> 4:32; and

C.  Damages in an amount to be determined at trial; and

D.  Pre-judgment and post-judgment interest at the maximum rate allowable at law; and

E.  Punitive damages in an amount to be determined at trial; and

F.  The costs and disbursements incurred by the Plaintiffs in connection with this action, including reasonable attorney's fees; and

G.  Such other and further relief as the Court deems just and proper.

**FOURTH COUNT**

**(Negligence as proximate cause of incident/injury)**

40.     Plaintiffs hereby incorporate by reference each of the preceding allegations as though fully set forth herein.

41.     The incident, and Wanda Kaegi's, Stephen Blaine's, and the other residents' and/or patients' injuries and damages and deaths, were proximately caused by the negligence of the Defendants as herein alleged.

42.     As a direct and proximate result of the aforesaid negligence and or carelessness of the Defendants, Wanda Kaegi, Stephen Blaine, and the other residents and/or patients of Andover Subacute Rehabilitation Centers I and II caught the Covid-19 infection and thereafter sustained death, loss and injury, and are entitled to damages.

**WHEREFORE**, Plaintiffs, on behalf of themselves and the members of the Class, respectfully seek and demand judgment as follows:

A.  A determination that this action is a proper class action maintainable under Rule 4:32 of the Rules Governing the Courts of the State of New Jersey; and

B.  An Order certifying the Class defined above and appointing the undersigned as counsel for the Plaintiffs and the Class, pursuant to Rule 4:32; and

C.  Damages in an amount to be determined at trial; and

D.  Pre-judgment and post-judgment interest at the maximum rate allowable at law; and

E.  Punitive damages in an amount to be determined at trial; and

F.  The costs and disbursements incurred by the Plaintiffs in connection with this action, including reasonable attorney's fees; and

G.  Such other and further relief as the Court deems just and proper.

## **FIFTH COUNT**

### **(Punitive Damages)**

43.    Plaintiffs hereby incorporate by reference each of the preceding allegations as though fully set forth herein.

44.    The actions and/or inactions of the Defendants in the wake of the Covid-19 outbreak and pandemic constituted deliberate acts and/or omissions with knowledge of a high degree of probability of harm and reckless indifference to the consequences.

45.    In that regard, the conduct of the Defendants created a known and likely risk of injury and harm to Wanda Kaegi, Stephen Blaine, and other members of the Class.

46.    Despite and notwithstanding that risk, Defendants acted with conscious indifference to the rights, safety, and welfare of members of the Class.

47.    As a direct, proximate and foreseeable consequence of the Defendants' reckless conduct, Wanda Kaegi, Stephen Blaine, and the other residents and/or patients of Andover Subacute Rehabilitation Centers I and II caught the Covid-19 infection and thereafter sustained loss and injury, and are entitled to punitive damages.

**WHEREFORE**, Plaintiffs, on behalf of themselves and the members of the Class, respectfully seek and demand judgment as follows:

A.    A determination that this action is a proper class action maintainable under Rule 4:32 of the Rules Governing the Courts of the State of New Jersey; and

B.    An Order certifying the Class defined above and appointing the undersigned as counsel for the Plaintiffs and the Class, pursuant to <u>Rule</u> 4:32; and

C.    Damages in an amount to be determined at trial; and

D.    Pre-judgment and post-judgment interest at the maximum rate allowable at law; and

E.    Punitive damages in an amount to be determined at trial; and

F.    The costs and disbursements incurred by the Plaintiffs in connection with this action, including reasonable attorney's fees; and

G.    Such other and further relief as the Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury as to all issues.

## DEMAND FOR ANSWERS TO UNIFORM AND SUPPLEMENTAL INTERROGATORIES

PLEASE TAKE NOTICE that pursuant to Rule 4:17-1(b)(ii)(2), Plaintiffs hereby demand answers to Uniform Interrogatories Form C and Form C(3) within sixty (60) days of the filing of Defendants' Answer to this Complaint.

PLEASE TAKE FURTHER NOTICE that pursuant to Rule 4:17-1(b)(i)(1) and Rule 4:17-2, Plaintiffs hereby demand answers to the attached Supplemental Interrogatories within sixty (60) days of the filing of Defendants' Answer to this Complaint.

## DEMAND FOR DISCOVERY OF INSURANCE COVERAGE

Pursuant to New Jersey Court Rule 4:10–2(b), demand is made that Defendants disclose to Plaintiffs' attorney whether or not there are any insurance agreements or policies under which any person or firm carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or indemnify or reimburse for payments made to satisfy the judgment and provide plaintiff's attorney with

true copies of those insurance agreements or policies, including, but not limited to, any and all declaration sheets.  This demand shall include and cover not only primary coverage, but also any and all excess, catastrophe and umbrella policies.

### DEMAND FOR TRANSCRIPTION AND OFFICE RECORDS

Plaintiffs hereby demand that the Defendants produce a certified copy of all office/facility records, telephone calls, billing and payments as well as a typed transcription of any and all of his/her handwritten office records and/or hospital records, within thirty (30) days of service of the Complaint.

### DESIGNATION OF TRIAL COUNSEL

Please take notice that Daniel G.P. Marchese, Esq. is hereby designated as Trial Counsel in this above-captioned matter for the firm of The Marchese Law Firm pursuant to Rule 4:25 et. seq.

THE MARCHESE LAW FIRM, LLC
Attorney(s) for the Plaintiffs Estate of
Wanda Kaegi and Victor Kaegi and
Estate of Stephen Blaine and Sharon Farrell

_____

By:     DANIEL G.P. MARCHESE, ESQ.
        Attorney ID#:  004291998

Dated:      May 19, 2020

## CERTIFICATION

Pursuant to R. 4:5-1, the undersigned hereby certifies that this specific controversy and the Plaintiff parties and causes of action set forth herein in this Complaint are not the subject of any other action pending in any other Court or of a pending arbitration proceeding, nor is any action or arbitration proceeding contemplated.  Once medical records are obtained, there may be additional parties who should be named and/or joined in this lawsuit.  I recognize the continuing obligation of each party to file and serve on all parties and the Court an amended Certification if there is a change in the facts stated in this original Certification.

I certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements are willfully false, I am subject to punishment.

THE MARCHESE LAW FIRM, LLC
Attorney(s) for the Plaintiffs Estate of
Wanda Kaegi and Victor Kaegi and
Estate of Stephen Blaine and Sharon Farrell

By:   _____
DANIEL G.P. MARCHESE, ESQ.
Attorney ID#:  004291998

Dated: May 19, 2020

## SUPPLEMENTAL INTERROGATORIES PERMITTED PURSUANT TO RULE 4:17-1(b)(i)

S1. State whether this Defendant has ever served as an expert witness in any matter including, but not limited to matters where you were formally named as an expert, matters in which you provided an expert opinion without being formally named as an expert, etc., and set forth the name of the matter or matters, the name of the attorney or other entity retaining you, whether you testified in either a deposition or at trial and annex hereto copies of any and all reports rendered by you.

S2. As to each person identified in your answer to **Form C Uniform Interrogatory 4,** set forth a summary of all relevant facts relating to this case known to each such person.

S3. Please describe in complete detail the physical examination which you performed on the Plaintiff the first time you saw the Plaintiff for the problem for which you were attending the Plaintiff, and submit a comprehensive list of your findings.

S4. If you have been certified in any specialty by the National Board of Medical Examiners or by any American Specialty or sub-specialty board, please name each such specialty and/or sub-specialty board by which you are certified and the date of your certification.

S5. Please describe in detail the course of the Plaintiff's illness from the time you first undertook the Plaintiff's care for the problem for which you were attending to the Plaintiff until your professional relationship with the Plaintiff terminated.

S6. Please submit a comprehensive list of all diagnostic tests or medical procedures, including routine blood and urine studies, which you ordered or performed on the Plaintiff or which were ordered or performed on the Plaintiff by someone acting in your behalf, from the time you first undertook the Plaintiff's care until your professional relationship with the Plaintiff terminated, and indicate as to each such diagnostic test or medical procedure, the date and time it was ordered, the date and time it was performed, the reason it was felt necessary that it be performed, and the test results.

S7. Please specify precisely and describe fully the treatment, including drugs (with dosages, routes and duration of administration) IV fluids, surgery, physiotherapy, prosthesis, bandages and any other therapeutic agents or measures, which you ordered or prescribed for the Plaintiff from the time you first undertook the Plaintiff's care until the time when your professional relationship with the Plaintiff terminated, indicating as to each the date, time and manner in which you ordered or prescribed it, the date and time it was instituted and the date and time it was completed or discontinued.

S8. State whether any photographs, videos or other recordings of any type were made of any treatment or procedure performed upon the Plaintiff's decedent and if so, identify all such photographs, videos or other recordings and provide a copy of all such photographs, videos or other recordings herewith.

# EXHIBIT B



## THE MARCHESE LAW FIRM, LLC

93 SPRING STREET, SUITE 300, NEWTON, NJ 07860
OFFICE: (973) 383-3898   FAX: (973) 383-7349
EMAIL: dan@marchesefirm.com

**Attorney(s) for Plaintiffs Estate of Wanda Kaegi and Victor Kaegi, and
Estate of Stephen Blaine and Sharon Farrell
Attorney ID#: 004291998**

| | |
|---|---|
| **ESTATE OF WANDA KAEGI and VICTOR KAEGI, and ESTATE OF STEPHEN BLAINE and SHARON FARRELL,** | : SUPERIOR COURT OF NEW JERSEY : LAW DIVISION: SUSSEX COUNTY : : DOCKET NO.: SSX-L-000200-20 : |
| **Plaintiffs,** | : <u>CIVIL ACTION</u> : |
| **v.** | : SUMMONS : |
| **ANDOVER SUBACUTE REHABILITATION CENTER I; ANDOVER SUBACUTE REHABILITATION CENTER II; ALTITUDE HEALTH SERVICES INC.; ALTITUDE INVESTMENTS, LTD; ALLIANCE HEALTHCARE; CHAIM "MUTTY" SCHEINBAUM; LOUIS SCHWARTZ; HEALTHCARE SERVICES GROUP; JOHN AND JANE DOES 1-10; and ABC AND XYZ CORPORATIONS 1-10,** | : : : : : : : : : : : : : |
| **Defendants.** | |

From The State of New Jersey To The Defendant(s) Named Above:

### ANDOVER SUBACUTE REHABILITATION CENTER II

The plaintiff, named above, has filed a **class action** lawsuit against you in the Superior Court of New Jersey. The First Amended Complaint (and original Complaint) attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. A directory of the addresses of each deputy clerk of the Superior Court is attached, but is also available in the Civil Division Management Office in the county listed above and online at:

http://www.njcourts.gov/forms/10153_deptyclerklawref.pdf.

1

If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at:

http://www.njcourts.gov/forms/10153_deptyclerklawref.pdf


Dated:    May 30, 2020                              /s/ Michelle M. Smith
                                                    Michelle M. Smith,
                                                    Clerk of the Superior Court

Name of Defendant to Be Served:

**Andover Subacute Rehabilitation Center II**

Address of Defendant to Be Served:

**99 Mulford Road, Lafayette Township, New Jersey  07848**

# Directory of Superior Court Deputy Clerk's Offices
# County Lawyer Referral and Legal Services Offices

**ATLANTIC COUNTY:**
Deputy Clerk of the Superior Court
Civil Division, Direct Filing
1201 Bacharach Blvd., First Fl.
Atlantic City, NJ 08401

LAWYER REFERRAL
(609) 345-3444
LEGAL SERVICES
(609) 348-4200

**BERGEN COUNTY:**
Deputy Clerk of the Superior Court
Civil Division, Room 115
Justice Center, 10 Main St.
Hackensack, NJ 07601

LAWYER REFERRAL
(201) 488-0044
LEGAL SERVICES
(201) 487-2166

**BURLINGTON COUNTY:**
Deputy Clerk of the Superior Court
Central Processing Office
Attn: Judicial Intake
First Fl., Courts Facility
49 Rancocas Rd.
Mt. Holly, NJ 08060

LAWYER REFERRAL
(609) 261-4862
LEGAL SERVICES
(609) 261-1088

**CAMDEN COUNTY:**
Deputy Clerk of the Superior Court
Civil Processing Office
Hall of Justice
1st Fl.,  Suite 150
101 South 5th Street
Camden, NJ 08103

LAWYER REFERRAL
(856) 482-0618
LEGAL SERVICES
(856) 964-2010

**CAPE MAY COUNTY:**
Deputy Clerk of the Superior Court
9 N. Main Street
Cape May Court House, NJ 08210

LAWYER REFERRAL
(609) 463-0313
LEGAL SERVICES
(609) 465-3001

**CUMBERLAND COUNTY:**
Deputy Clerk of the Superior Court
Civil Case Management Office
60 West Broad Street
P.O. Box 10
Bridgeton, NJ 08302

LAWYER REFERRAL
(856) 696-5550
LEGAL SERVICES
(856) 691-0494

**ESSEX COUNTY:**
Deputy Clerk of the Superior Court
Civil Customer Service
Hall of Records,  Room 201
465 Dr. Martin Luther King Jr. Blvd.
Newark, NJ 07102

LAWYER REFERRAL
(973) 622-6204
LEGAL SERVICES
(973) 624-4500

**GLOUCESTER COUNTY:**
Deputy Clerk of the Superior Court
Civil Case Management Office
Attn: Intake
First Fl., Court House
1 North Broad Street
Woodbury, NJ 08096

LAWYER REFERRAL
(856) 848-4589
LEGAL SERVICES
(856) 848-5360

**HUDSON COUNTY:**
Deputy Clerk of the Superior Court
Superior Court, Civil Records Dept.
Brennan Court House--1st Floor
583 Newark Ave.
Jersey City, NJ 07306

LAWYER REFERRAL
(201) 798-2727
LEGAL SERVICES
(201) 792-6363

**HUNTERDON COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
65 Park Avenue
Flemington, NJ 08822

LAWYER REFERRAL
(908) 236-6109
LEGAL SERVICES
(908) 782-7979

**MERCER COUNTY:**
Deputy Clerk of the Superior Court
Local Filing Office, Courthouse
175 S. Broad Street, P.O. Box 8068
Trenton, NJ 08650

LAWYER REFERRAL
(609) 585-6200
LEGAL SERVICES
(609) 695-6249

**MIDDLESEX COUNTY:**
Deputy Clerk of the Superior Court,
Middlesex Vicinage
2nd Floor - Tower
56 Paterson Street, P.O. Box 2633
New Brunswick, NJ 08903-2633

LAWYER REFERRAL
(732) 828-0053
LEGAL SERVICES
(732) 249-7600

**MONMOUTH COUNTY:**
Deputy Clerk of the Superior Court
Court House
P.O. Box 1269
Freehold, NJ 07728-1269

LAWYER REFERRAL
(732) 431-5544
LEGAL SERVICES
(732) 866-0020

**MORRIS COUNTY:**
Morris County Courthouse
Civil Division
Washington and Court Streets
P. O. Box 910
Morristown, NJ 07963-0910

LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 285-6911

**OCEAN COUNTY:**
Deputy Clerk of the Superior Court
118 Washington Street,  Room 121
P.O. Box 2191
Toms River, NJ 08754-2191

LAWYER REFERRAL
(732) 240-3666
LEGAL SERVICES
(732) 341-2727

**PASSAIC COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
Court House
77 Hamilton Street
Paterson, NJ 07505

LAWYER REFERRAL
(973) 278-9223
LEGAL SERVICES
(973) 523-2900

**SALEM COUNTY:**
Deputy Clerk of the Superior Court
Attn:  Civil Case Management Office
92 Market Street
Salem, NJ 08079

LAWYER REFERRAL
(856) 935-5629
LEGAL SERVICES
(856) 691-0494

**SOMERSET COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
P.O. Box 3000
40 North Bridge Street
Somerville, N.J. 08876

LAWYER REFERRAL
(908) 685-2323
LEGAL SERVICES
(908) 231-0840

**SUSSEX COUNTY:**
Deputy Clerk of the Superior Court
Sussex County Judicial Center
43-47 High Street
Newton, NJ 07860

LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 383-7400

**UNION COUNTY:**
Deputy Clerk of the Superior Court
1st Fl., Court House
2 Broad Street
Elizabeth, NJ 07207-6073

LAWYER REFERRAL
(908) 353-4715
LEGAL SERVICES
(908) 354-4340

**WARREN COUNTY:**
Deputy Clerk of the Superior Court
Civil Division Office
Court House
413 Second Street
Belvidere, NJ 07823-1500

LAWYER REFERRAL
(908) 859-4300
LEGAL SERVICES
(908) 475-2010



# Civil Case Information Statement
## (CIS)

Use for initial Law Division
Civil Part pleadings (not motions) under *Rule* 4:5-1
**Pleading will be rejected for filing, under *Rule* 1:5-6(c),**
**if information above the black bar is not completed**
**or attorney's signature is not affixed**

| For Use by Clerk's Office Only |
|---|
| Payment type: ☐ ck ☐ cg ☐ ca |
| Chg/Ck Number: |
| Amount: |
| Overpayment: |
| Batch Number: |

| Attorney/Pro Se Name | Telephone Number | County of Venue |
|---|---|---|
| Daniel G.P. Marchese, Esq. | (973) 383-3898 | Sussex |

| Firm Name (if applicable) | Docket Number (when available) |
|---|---|
| The Marchese Law Firm, LLC | SSX-L-000200-20 |

| Office Address | Document Type |
|---|---|
| 93 Spring Street, Suite 300 Newton, New Jersey 07860 | First Amended Complaint |
| | Jury Demand ■ Yes ☐ No |

| Name of Party (e.g., John Doe, Plaintiff) | Caption |
|---|---|
| Est. of WANDA KAEGI and VICTOR KAEGI, and Est. of STEPHEN BLAINE and SHARON | ESTATE OF WANDA KAEGI and VICTOR KAEGI, and ESTATE OF STEPHEN BLAINE and SHARON FARRELL adv. ANDOVER SUBACUTE REHABILITATION CENTER II, ET AL. |

| Case Type Number (See reverse side for listing) 604 | Are sexual abuse claims alleged? ☐ Yes ■ No | Is this a professional malpractice case?   ☐ Yes  ■ No |
|---|---|---|
| | | If you have checked "Yes," see *N.J.S.A.* 2A:53A-27 and applicable case law regarding your obligation to file an affidavit of merit. |

| Related Cases Pending? ■ Yes ☐ No | If "Yes," list docket numbers ESTATE OF MAGLIOLI, ET AL. ADV. ANDOVER SUBACUTE II, ET AL. |
|---|---|

| Do you anticipate adding any parties (arising out of same transaction or occurrence)? ☐ Yes ☐ No | Name of defendant's primary insurance company (if known) ☐ None ■ Unknown |
|---|---|

**The Information Provided on This Form Cannot be Introduced into Evidence.**

Case Characteristics for Purposes of Determining if Case is Appropriate for Mediation

| Do parties have a current, past or recurrent relationship? ☐ Yes ■ No | If "Yes," is that relationship: ☐ Employer/Employee ☐ Friend/Neighbor ☐ Other (explain) ☐ Familial ☐ Business |
|---|---|

| Does the statute governing this case provide for payment of fees by the losing party? ☐ Yes ■ No |
|---|

Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition

| ♿ | Do you or your client need any disability accommodations? ☐ Yes ■ No | If yes, please identify the requested accommodation: |
|---|---|---|
| | Will an interpreter be needed? ☐ Yes ■ No | If yes, for what language? |

**I certify that confidential personal identifiers have been redacted from documents now submitted to the court and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b).**

Attorney Signature:

**Side 2**



# Civil Case Information Statement
## (CIS)
Use for initial pleadings (not motions) under *Rule* 4:5-1

### CASE TYPES (Choose one and enter number of case type in appropriate space on the reverse side.)

**Track I - 150 days discovery**

| | |
|---|---|
| 151 Name Change | 506 PIP Coverage |
| 175 Forfeiture | 510 UM or UIM Claim (coverage issues only) |
| 302 Tenancy | 511 Action on Negotiable Instrument |
| 399 Real Property (other than Tenancy, Contract, Condemnation, Complex Commercial or Construction) | 512 Lemon Law |
| | 801 Summary Action |
| 502 Book Account (debt collection matters only) | 802 Open Public Records Act (summary action) |
| 505 Other Insurance Claim (including declaratory judgment actions) | 999 Other (briefly describe nature of action) |

**Track II - 300 days discovery**

| | |
|---|---|
| 305 Construction | 603Y Auto Negligence – Personal Injury (verbal threshold) |
| 509 Employment (other than Conscientious Employees Protection Act (CEPA) or Law Against Discrimination (LAD)) | 605 Personal Injury |
| | 610 Auto Negligence – Property Damage |
| 599 Contract/Commercial Transaction | 621 UM or UIM Claim (includes bodily injury) |
| 603N Auto Negligence – Personal Injury (non-verbal threshold) | 699 Tort – Other |

**Track III - 450 days discovery**

| | |
|---|---|
| 005 Civil Rights | 608 Toxic Tort |
| 301 Condemnation | 609 Defamation |
| 602 Assault and Battery | 616 Whistleblower / Conscientious Employee Protection Act (CEPA) Cases |
| 604 Medical Malpractice | |
| 606 Product Liability | 617 Inverse Condemnation |
| 607 Professional Malpractice | 618 Law Against Discrimination (LAD) Cases |

**Track IV - Active Case Management by Individual Judge / 450 days discovery**

| | |
|---|---|
| 156 Environmental/Environmental Coverage Litigation | 514 Insurance Fraud |
| 303 Mt. Laurel | 620 False Claims Act |
| 508 Complex Commercial | 701 Actions in Lieu of Prerogative Writs |
| 513 Complex Construction | |

**Multicounty Litigation (Track IV)**

| | |
|---|---|
| 271 Accutane/Isotretinoin | 601 Asbestos |
| 274 Risperdal/Seroquel/Zyprexa | 623 Propecia |
| 281 Bristol-Myers Squibb Environmental | 624 Stryker LFIT CoCr V40 Femoral Heads |
| 282 Fosamax | 625 Firefighter Hearing Loss Litigation |
| 285 Stryker Trident Hip Implants | 626 Abilify |
| 286 Levaquin | 627 Physiomesh Flexible Composite Mesh |
| 289 Reglan | 628 Taxotere/Docetaxel |
| 291 Pelvic Mesh/Gynecare | 629 Zostavax |
| 292 Pelvic Mesh/Bard | 630 Proceed Mesh/Patch |
| 293 DePuy ASR Hip Implant Litigation | 631 Proton-Pump Inhibitors |
| 295 AlloDerm Regenerative Tissue Matrix | 632 HealthPlus Surgery Center |
| 296 Stryker Rejuvenate/ABG II Modular Hip Stem Components | 633 Prolene Hernia System Mesh |
| 297 Mirena Contraceptive Device | |
| 299 Olmesartan Medoxomil Medications/Benicar | |
| 300 Talc-Based Body Powders | |

**If you believe this case requires a track other than that provided above, please indicate the reason on Side 1, in the space under "Case Characteristics.**

**Please check off each applicable category** ☐ Putative Class Action    ☐ Title 59    ☐ Consumer Fraud



## THE MARCHESE LAW FIRM, LLC

93 SPRING STREET, SUITE 300, NEWTON, NJ 07860

OFFICE: (973) 383-3898  FAX: (973) 383-7349

EMAIL: dan@marchesefirm.com

**Attorney(s) for Plaintiffs Estate of Wanda Kaegi and Victor Kaegi, and Estate of Stephen Blaine and Sharon Farrell**
**Attorney ID#: 004291998**

|  |  |
|---|---|
| **ESTATE OF WANDA KAEGI and VICTOR KAEGI, and ESTATE OF STEPHEN BLAINE and SHARON FARRELL,** | : **SUPERIOR COURT OF NEW JERSEY**<br>:  **LAW DIVISION:  SUSSEX COUNTY**<br>:<br>:   **DOCKET NO.:  SSX-L-000200-20** |
| **Plaintiffs,** | :<br>:   <u>**CIVIL ACTION**</u> |
| **v.** | :<br>:   **FIRST AMENDED COMPLAINT**<br>:            **(Class Action)** |
| **ANDOVER SUBACUTE REHABILITATION CENTER I; ANDOVER SUBACUTE REHABILITATION CENTER II; ALTITUDE HEALTH SERVICES INC.; ALTITUDE INVESTMENTS, LTD; ALLIANCE HEALTHCARE; CHAIM "MUTTY" SCHEINBAUM; LOUIS SCHWARTZ; HEALTHCARE SERVICES GROUP; JOHN AND JANE DOES 1-10; and ABC AND XYZ CORPORATIONS 1-10,** | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |
| **Defendants.** |  |

This is an individual, and Class Action, pursuant to <u>Rule</u> 4:32 of the Rules Governing the Courts of the State of New Jersey, on behalf of all persons on and after January 1, 2020 through the Present, who were residents and/or patients of Defendants Andover Subacute Rehabilitation I and Andover Subacute Rehabilitation II (hereinafter also referred to as the "Class") and who died as a result of the Covid-19 outbreak at those facilities, and Plaintiffs, by and through their attorney(s) do say:

1

## PARTIES

1.      Plaintiff Victor Kaegi is the son of the deceased, Wanda Kaegi, and is a resident of the State of New Jersey and has applied to become administrator of the Estate of Wanda Kaegi.  Victor Kaegi brings this action on behalf of the Estate of Wanda Kaegi, in his own right and on behalf of all "others similarly situated," whether deceased or next of kin and/or heirs of the deceased.  Plaintiff Sharon Farrell is the sister of the deceased, Stephen Blaine, and is a resident of the State of Florida and likewise has applied to become administrator of the Estate of Stephen Blaine.  She also brings this action on behalf of the Estate of Stephen Blaine, and in her own right and on behalf of all "others similarly situated," whether deceased or next of kin and/or heirs of the deceased.

2.      Plaintiff(s) are representing all "others similarly situated," in this Class Action, such as those residents and/or patients that died as a result of the Defendants' failures in protecting them from the Covid-19 virus during and throughout the outbreak and pandemic, and their heirs, survivors and next of kin.

3.      Defendant Andover Subacute Rehabilitation Center I is located at: 1 Obrien Lane, Lafayette Township, NJ 07848.

4.      Defendant Andover Subacute Rehabilitation Center II is located at: 99 Mulford Road, Lafayette Township, New Jersey  07848.

5.      Defendants Altitude Health Services, Inc. and/or Altitude Investments, LTD, are entities that lease the properties where Defendants Andover Subacute Rehabilitation Centers I and II operate and has a business address of: 2201 Main Street, Evanston, Illinois  60202.

6.      Defendant Alliance Healthcare is a New Jersey domiciled company, with a business address at:1382 Lanes Mill Road, Lakewood, New Jersey  08701, USA, and is owned and/or operated by Defendant Chaim "Mutty" Scheinbaum and Defendant Louis

Schwartz, who also hold the same address. Defendant Alliance Healthcare's motto is: "The Greatest Care in the Most Home-Like Environment." Defendant Alliance Healthcare operates both Defendants Andover Subacute Rehabilitation Centers I and II.

7.    Defendant Healthcare Services Group has a business address at: 261 Terhune Dr, Wayne, New Jersey 07470.

8.    JOHN and JANE Does 1-10 are as yet unnamed health care professionals (medical doctors, nurses, physician's assistants and other medical professionals duly licensed to practice medicine under the laws of the State of New Jersey), and/or administrators, and/or aides, and/or sanitation workers, and/or orderlies and/or food preparation employees, and/or security officers, who worked at Defendants Andover Subacute Rehabilitation Centers I and II; ABC and XYZ CORPORATIONS 1-10 are as yet unnamed entities, agents, managers, owners, operators that owned and/or operated Defendants Andover Subacute Rehabilitation Centers I and II.

### STATEMENT OF FACTS

9.    In or about January of 2020, Defendants were made aware of a virus spreading world-wide and nationally, known as Covid-19, that caused severe medical distress and death in individuals who caught the disease, especially the elderly.

10.    COVID-19 can spread rapidly in long-term residential care facilities and persons with chronic underlying medical conditions are at greater risk for COVID-19.

11.    In fact, in February 2020, at a health care facility in Washington State, residents and/or patients there were the first in the nation to suffer from and die as a result of the Covid-19 virus; news of the dire situation and the first deaths in the United States at the Life Care Center in Kirkland, Washington was widespread.

12.    Defendants Andover Subacute Rehabilitation Centers I and II first declared a Covid-19 outbreak on March 26, 2020.

13.     Despite these facts, Defendants failed to take the proper steps to protect the residents and/or patients at their facilities from the Covid-19 virus.

14.     Evidently, at first, Defendants' management provided masks only to registered nurses, not to others who also interacted with residents, including housekeepers, recreation therapists and nursing assistants, among other potential miscues.

15.     As a consequence of Defendants' failures in this regard, Wanda Kaegi, a resident/patient, died on May 2, 2020, with her cause of death confirmed as "Covid-19 virus infection," and Stephen Blaine, also a resident/patient, died on April 11, 2020, with his cause of death confirmed as "Covid-19 infection," as well.

16.     In the wake of the outbreak and the aforementioned failures, at least 50-plus other patients were infected and died at Defendants Andover Subacute and Rehabilitation Centers I and II facilities from Covid-19 infections, and there may be more deaths.

17.     Ms. Kaegi's and Mr. Blaine's death and that of the other residents/patients were a direct result of Defendants' failures to take measures to protect them at the facilities from the deadly Covid-19 virus, and/or medical malpractice.

18.     As a direct and foreseeable consequence of the Defendants' failures in taking safety precautions during the Covid-19 outbreak (pandemic), members of the Class sustained loss, damages, injury and death, and their survivors and/or heirs have also sustained loss and damages as a direct consequence of the same.

19.     The claims asserted herein are premised on negligence and gross negligence, wrongful death and medical malpractice.  Plaintiffs also seek recovery of damages, replete with punitive damages, from all of the Defendants based upon the aforementioned causes of action, and, conduct that was grossly reckless, willful, and wanton, in the face of the Covid-19 outbreak and pandemic.

## CLASS REPRESENTATION ALLEGATIONS

20.     As described above, this is an individual and Class Action pursuant to Rule 4:32 of the Rules Governing the Courts of the State of New Jersey on behalf of all persons that, on and after January 1, 2020 through the Present, were residents and/or patients of Defendants Andover Subacute Rehabilitation I and Andover Subacute Rehabilitation II and who died as a result of the Covid-19 outbreak at those facilities.

21.     There are questions of law and fact which are common to members of the Class which predominate over questions affecting any individual class member.  The common questions include, *inter alia*, the following:

(a)     Whether the fact that the Defendants permitted visitors and/or employees to come to work without first taking their temperatures or requiring them to wear protective masks and/or gear while working with or near the residents and/or patients at the Defendant facilities;

(b)     Whether the fact that the lack of safety and/or preventative measures in the wake of the Covid-19 outbreak and pandemic caused the putative Plaintiff(s) to suffer needlessly and die;

(c)     Whether the actions or inactions of the Defendants that precipitated and/or caused these safety measure lapses were abnormally dangerous and/or in wanton, willful or reckless disregard of the safety and interests of the members of the Class;

(d)     Whether the actions of the Defendants were negligent causing damages to the members of the Class;

(e)     Whether members of the Class sustained damages as a result of the Defendants' safety measures breakdowns and failures;

(f)     Whether the damages sustained by members of the Class were foreseeable by the Defendants, given the widespread news of the injury and death in the wake of the Covid-19 outbreak and pandemic in the United States and the lack of preparedness and taking of proper measures to ensure resident and/or patient safety at the Defendant facilities;

(g)     Whether the conduct of the Defendants, was reckless and/or grossly negligent; and

(h)     Whether the Defendants are liable to the Class for punitive damages.

22.     Plaintiff(s) in this proposed class action assert claims typical of those of the individual members of the proposed Class, namely: negligence, gross negligence, wrongful death and medical malpractice.  Plaintiff(s) interests are not antagonistic to or in conflict with the Class as a whole.  Moreover, Plaintiff(s) and the members of the Class suffered damages in the same or similar ways as a result of the Defendants' actions and/or inactions as described, *infra* and *supra*.  In addition, Plaintiff(s) and the members of the Class are relying on the same legal theories and causes of action.

23.     There are approximately 50-plus total members of this Class currently (possibly more), without consideration of next of kin, survivors and/or heirs.  Therefore, joinder of all members of the Class would be impracticable.

24.     The named Plaintiff(s) will fairly and adequately protect and represent the interests of each member of the Class.  Among other things, Plaintiffs have suffered the same or similar harm as the other members of the Class and will zealously pursue their claims against the Defendants.  In addition, Counsel for Plaintiffs(s) is amply qualified to represent the interests of the Class.  Counsel is a respected member of his legal community, who has been continuously Certified by the Supreme Court as a Civil Trial Attorney since March 6, 2007 (re-certified in 2013, and re-certified again in 2017/2018), and has engaged

6

in complex civil litigation in the State of New Jersey for the past nearly twenty-two (22) years, including medical malpractice matters and class action case(s).

25.     A class action is superior method for adjudicating the controversy.  First, the thousands of dollars that would be required to litigate this case on an individual basis make it unlikely that members of the Class will seek redress for the wrongful conduct alleged.  Moreover, it is desirable to concentrate the litigation in a single forum since the disposition of Class members' claims in a class action will provide substantial benefits to both the parties and the Court, and denial of class certification may result in a multitude of individual suits, with the potential for incongruity of adjudication and results.  Finally, no unusual difficulties are likely to be encountered in the management of this class action, as it is fairly straight forward.  The proceedings can be structured to simplify the initial trial on common issues.  In addition, the Court has flexibility to manage special claims through the creation of a subclass or subclasses and though deferral of individual claims to subsequent claims proceedings.

### FIRST COUNT
**(Negligence – Wrongful Death**
**as to Defendants Andover Subacute Rehabilitation Centers I and II, Altitude Health**
**Services Inc., Altitude Investments, LTD, Alliance Healthcare, Chaim "Mutty"**
**Scheinbaum, Louis Schwartz and Healthcare Services Group)**

26.     Plaintiffs hereby incorporate by reference each of the preceding allegations as though fully set forth herein.

27.     Defendants Andover Subacute Rehabilitation Centers I and II, Altitude Health Services Inc. Altitude Investments, LTD, Alliance Healthcare, Chaim "Mutty" Scheinbaum, Louis Schwartz and Healthcare Services Group owed a duty to Wanda Kaegi, Stephen Blaine, and the residents and/or patients at the Andover Subacute Rehabilitation Centers I and II facilities to keep them safe from outside diseases and/or outbreaks of viruses.

28.     Said Defendants breached their duty to Wanda Kaegi, Stephen Blaine, and the residents and/or patients at the Andover Subacute Rehabilitation Centers I and II by failing to monitor outside visitors to the facilities, failing to monitor food preparation and distribution, failing to monitor employees, and failing to monitor other residents, etc., when the same were dealing with the residents and/or patients at the facilities in order to prevent the spread of the Covid-19 virus therein; furthermore, said Defendants breached their duty to Wanda Kaegi, Stephen Blaine and the residents and/or patients at the Andover Subacute Rehabilitation Centers I and II by failing to have (or implement) proper protocols and procedures, and/or failing to have or provide personal protective equipment, in place for the prevention of the spread of the Covid-19 virus, and/or by failing to properly execute existing protocols and procedures set in place to prevent the spread of the Covid-19 virus.

29.     As a direct, proximate and foreseeable consequence of that negligent and careless conduct, Wanda Kaegi, Stephen Blaine, and members of the Class caught the Covid-19 infection and thereafter sustained death, loss and injury, and are entitled to damages.

**WHEREFORE**, Plaintiffs, on behalf of themselves and the members of the Class, respectfully seek and demand judgment as follows:

A.  A determination that this action is a proper class action maintainable under <u>Rule</u> 4:32 of the Rules Governing the Courts of the State of New Jersey; and

B.  An Order certifying the Class defined above and appointing the undersigned as counsel for the Plaintiffs and the Class, pursuant to <u>Rule</u> 4:32; and

C.  Damages in an amount to be determined at trial; and

D.  Pre-judgment and post-judgment interest at the maximum rate allowable at law; and

E.  Punitive damages in an amount to be determined at trial; and

F.  The costs and disbursements incurred by the Plaintiffs in connection with this
action, including reasonable attorney's fees; and

G.  Such other and further relief as the Court deems just and proper.

## SECOND COUNT
### (Negligence – Wrongful Death
### as to John and Jane Does 1-10 and ABC and XYZ Corporations 1-10)

30.    Plaintiffs hereby incorporate by reference each of the preceding allegations
as though fully set forth herein.

31.    Defendants John and Jane Does 1-10 and ABC and XYZ Corporations 1-
10 owed a duty to Wanda Kaegi, Stephen Blaine, and the residents and/or patients at the
Andover Subacute Rehabilitation Centers I and II facilities to keep them safe from outside
diseases and/or outbreaks of viruses.

32.    Said Defendants breached their duty to Wanda Kaegi, Stephen Blaine, and
the residents and/or patients at the Andover Subacute Rehabilitation Centers I and II by
failing to monitor outside visitors to the facilities, failing to monitor food preparation and
distribution, failing to monitor employees, and failing to monitor other residents, etc., when
the same were dealing with the residents and/or patients at the facilities in order to prevent
the spread of the Covid-19 virus therein; furthermore, said Defendants breached their duty
to Wanda Kaegi, Stephen Blaine and the residents and/or patients at the Andover Subacute
Rehabilitation Centers I and II by failing to have (or implement) proper protocols and
procedures, and/or failing to have or provide personal protective equipment, in place for
the prevention of the spread of the Covid-19 virus, and/or by failing to properly execute
existing protocols and procedures set in place to prevent the spread of the Covid-19 virus.

33.    As a direct, proximate and foreseeable consequence of that negligent and
careless conduct, Wanda Kaegi, Stephen Blaine, and the other residents and/or patients at

Andover Subacute Rehabilitation Centers I and II caught the Covid-19 infection and thereafter sustained death, loss and injury, and are entitled to damages.

**WHEREFORE**, Plaintiffs, on behalf of themselves and the members of the Class, respectfully seek and demand judgment as follows:

A.  A determination that this action is a proper class action maintainable under <u>Rule</u> 4:32 of the Rules Governing the Courts of the State of New Jersey; and

B.  An Order certifying the Class defined above and appointing the undersigned as counsel for the Plaintiffs and the Class, pursuant to <u>Rule</u> 4:32; and

C.  Damages in an amount to be determined at trial; and

D.  Pre-judgment and post-judgment interest at the maximum rate allowable at law; and

E.  Punitive damages in an amount to be determined at trial; and

F.  The costs and disbursements incurred by the Plaintiffs in connection with this action, including reasonable attorney's fees; and

G.  Such other and further relief as the Court deems just and proper.

### <u>THIRD COUNT</u>

**(Negligence as to John and Jane Does 1-10 – administrators, and/or aides, and/or sanitation workers, and/or orderlies and/or food preparation employees, and/or security officers, and, Medical Malpractice as to John and Jane Does 1-10 – medical doctors, nurses, physician's assistants and other medical professionals duly licensed to practice medicine under the laws of the State of New Jersey)**

34.  Plaintiffs hereby incorporate by reference each of the preceding allegations as though fully set forth herein.

35.  Defendants John and Jane Does 1-10 and ABC and XYZ Corporations 1-10 owed a duty to Wanda Kaegi, Stephen Blaine, and the residents and/or patients at the Andover Subacute Rehabilitation Centers I and II facilities to keep them safe from outside diseases and/or outbreaks of viruses.

36.     Said Defendants breached their duty to Wanda Kaegi, Stephen Blaine, and the residents and/or patients at the Andover Subacute Rehabilitation Centers I and II by failing to monitor outside visitors to the facilities, failing to monitor food preparation and distribution, failing to monitor employees, and failing to monitor other residents, etc., when the same were dealing with the residents and/or patients at the facilities in order to prevent the spread of the Covid-19 virus therein; furthermore, said Defendants breached their duty to Wanda Kaegi, Stephen Blaine and the residents and/or patients at the Andover Subacute Rehabilitation Centers I and II by failing to have (or implement) proper protocols and procedures, and/or failing to have or provide personal protective equipment, in place for the prevention of the spread of the Covid-19 virus, and/or by failing to properly execute existing protocols and procedures set in place to prevent the spread of the Covid-19 virus.

37.     During the course of treating the Wanda Kaegi, Stephen Blaine, and/or other residents and/or patients and in connection with medical services provided to them at Defendants Andover Subacute Rehabilitation Centers I and II, the Defendants negligently and carelessly failed to exercise ordinary care, failed to exercise that degree of skill, diligence and care commonly exercised by other doctors in like circumstances giving due regard to the existing state of knowledge in medicine, failed to properly treat the Wanda Kaegi, Stephen Blaine, and/or other residents and/or patients, failed to timely diagnose the their condition, failed to apprise them of the risks and options available to them in connection with the services rendered, failed to properly treat their condition and otherwise failed to act as prudent, skillful and careful medical doctors in connection with the services provided to the them prior to and during the outbreak at said facilities.

38.     As a direct and proximate result of the negligence and professional malpractice of the Defendants, as aforesaid, the Wanda Kaegi, Stephen Blaine, and the other residents and/or patients at the Andover Subacute Rehabilitation Centers I and II

11

caught the Covid-19 infection and thereafter sustained great pain and suffering of the mind and body, have and did sustain permanent bodily injuries, have and did incur medical expenses in order to correct the conditions caused by the Defendants, have and were unable to attend to their ordinary routine, employment and affairs and were otherwise damaged and died.

39.     As a direct, proximate and foreseeable consequence of that negligent and careless conduct, Wanda Kaegi, Stephen Blaine, and members of the Class sustained death, loss and injury, and are entitled to damages.

**WHEREFORE**, Plaintiffs, on behalf of themselves and the members of the Class, respectfully seek and demand judgment as follows:

A.  A determination that this action is a proper class action maintainable under Rule 4:32 of the Rules Governing the Courts of the State of New Jersey; and

B.  An Order certifying the Class defined above and appointing the undersigned as counsel for the Plaintiffs and the Class, pursuant to Rule 4:32; and

C.  Damages in an amount to be determined at trial; and

D.  Pre-judgment and post-judgment interest at the maximum rate allowable at law; and

E.  Punitive damages in an amount to be determined at trial; and

F.  The costs and disbursements incurred by the Plaintiffs in connection with this action, including reasonable attorney's fees; and

G.  Such other and further relief as the Court deems just and proper.

## <u>FOURTH COUNT</u>

### **(Negligence as proximate cause of incident/injury)**

40.     Plaintiffs hereby incorporate by reference each of the preceding allegations as though fully set forth herein.

41. The incident, and Wanda Kaegi's, Stephen Blaine's, and the other residents' and/or patients' injuries and damages and deaths, were proximately caused by the negligence of the Defendants as herein alleged.

42. As a direct and proximate result of the aforesaid negligence and or carelessness of the Defendants, Wanda Kaegi, Stephen Blaine, and the other residents and/or patients of Andover Subacute Rehabilitation Centers I and II caught the Covid-19 infection and thereafter sustained death, loss and injury, and are entitled to damages.

**WHEREFORE**, Plaintiffs, on behalf of themselves and the members of the Class, respectfully seek and demand judgment as follows:

A. A determination that this action is a proper class action maintainable under Rule 4:32 of the Rules Governing the Courts of the State of New Jersey; and

B. An Order certifying the Class defined above and appointing the undersigned as counsel for the Plaintiffs and the Class, pursuant to Rule 4:32; and

C. Damages in an amount to be determined at trial; and

D. Pre-judgment and post-judgment interest at the maximum rate allowable at law; and

E. Punitive damages in an amount to be determined at trial; and

F. The costs and disbursements incurred by the Plaintiffs in connection with this action, including reasonable attorney's fees; and

G. Such other and further relief as the Court deems just and proper.

## FIFTH COUNT
### (Punitive Damages)

43. Plaintiffs hereby incorporate by reference each of the preceding allegations as though fully set forth herein.

44.     The actions and/or inactions of the Defendants in the wake of the Covid-19 outbreak and pandemic constituted deliberate acts and/or omissions with knowledge of a high degree of probability of harm and reckless indifference to the consequences.

45.     In that regard, the conduct of the Defendants created a known and likely risk of injury and harm to Wanda Kaegi, Stephen Blaine, and other members of the Class.

46.     Despite and notwithstanding that risk, Defendants acted with conscious indifference to the rights, safety, and welfare of members of the Class.

47.     As a direct, proximate and foreseeable consequence of the Defendants' reckless conduct, Wanda Kaegi, Stephen Blaine, and the other residents and/or patients of Andover Subacute Rehabilitation Centers I and II caught the Covid-19 infection and thereafter sustained loss and injury, and are entitled to punitive damages.

**WHEREFORE**, Plaintiffs, on behalf of themselves and the members of the Class, respectfully seek and demand judgment as follows:

A.     A determination that this action is a proper class action maintainable under Rule 4:32 of the Rules Governing the Courts of the State of New Jersey; and

B.     An Order certifying the Class defined above and appointing the undersigned as counsel for the Plaintiffs and the Class, pursuant to Rule 4:32; and

C.     Damages in an amount to be determined at trial; and

D.     Pre-judgment and post-judgment interest at the maximum rate allowable at law; and

E.     Punitive damages in an amount to be determined at trial; and

F.     The costs and disbursements incurred by the Plaintiffs in connection with this action, including reasonable attorney's fees; and

G.     Such other and further relief as the Court deems just and proper.

**DEMAND FOR TRIAL BY JURY**

Plaintiff hereby demands a trial by jury as to all issues.

**DEMAND FOR ANSWERS TO UNIFORM AND SUPPLEMENTAL
INTERROGATORIES**

PLEASE TAKE NOTICE that pursuant to Rule 4:17-1(b)(ii)(2), Plaintiffs hereby

demand answers to Uniform Interrogatories Form C and Form C(3) within sixty (60) days

of the filing of Defendants' Answer to this Complaint.

PLEASE TAKE FURTHER NOTICE that pursuant to Rule 4:17-1(b)(i)(1) and

Rule 4:17-2, Plaintiffs hereby demand answers to the attached Supplemental

Interrogatories within sixty (60) days of the filing of Defendants' Answer to this

Complaint.

**DEMAND FOR DISCOVERY OF INSURANCE COVERAGE**

Pursuant to New Jersey Court Rule 4:10–2(b), demand is made that Defendants

disclose to Plaintiffs' attorney whether or not there are any insurance agreements or

policies under which any person or firm carrying on an insurance business may be liable

to satisfy part or all of a judgment which may be entered in this action or indemnify or

reimburse for payments made to satisfy the judgment and provide plaintiff's attorney with

true copies of those insurance agreements or policies, including, but not limited to, any and

all declaration sheets.  This demand shall include and cover not only primary coverage, but

also any and all excess, catastrophe and umbrella policies.

**DEMAND FOR TRANSCRIPTION AND OFFICE RECORDS**

Plaintiffs hereby demand that the Defendants produce a certified copy of all

office/facility records, telephone calls, billing and payments as well as a typed transcription

of any and all of his/her handwritten office records and/or hospital records, within thirty

(30) days of service of the Complaint.

## <u>DESIGNATION OF TRIAL COUNSEL</u>

Please take notice that Daniel G.P. Marchese, Esq. is hereby designated as Trial

Counsel in this above-captioned matter for the firm of The Marchese Law Firm pursuant

to Rule 4:25 et. seq.

THE MARCHESE LAW FIRM, LLC
Attorney(s) for the Plaintiffs Estate of
Wanda Kaegi and Victor Kaegi and
Estate of Stephen Blaine and Sharon Farrell


By:     _____
        DANIEL G.P. MARCHESE, ESQ.
        Attorney ID#:  004291998


Dated:     May 26, 2020

16

## CERTIFICATION

Pursuant to R. 4:5-1, the undersigned hereby certifies that this specific controversy and the Plaintiff parties and causes of action set forth herein in this Complaint are not the subject of any other action pending in any other Court or of a pending arbitration proceeding, nor is any action or arbitration proceeding contemplated.  Once medical records are obtained, there may be additional parties who should be named and/or joined in this lawsuit.  I recognize the continuing obligation of each party to file and serve on all parties and the Court an amended Certification if there is a change in the facts stated in this original Certification.

I certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements are willfully false, I am subject to punishment.

THE MARCHESE LAW FIRM, LLC
Attorney(s) for the Plaintiffs Estate of
Wanda Kaegi and Victor Kaegi and
Estate of Stephen Blaine and Sharon Farrell

By:   DANIEL G.P. MARCHESE, ESQ.
Attorney ID#:  004291998

Dated: May 26, 2020

17

## SUPPLEMENTAL INTERROGATORIES PERMITTED PURSUANT TO RULE 4:17-1(b)(i)

S1. State whether this Defendant has ever served as an expert witness in any matter including, but not limited to matters where you were formally named as an expert, matters in which you provided an expert opinion without being formally named as an expert, etc., and set forth the name of the matter or matters, the name of the attorney or other entity retaining you, whether you testified in either a deposition or at trial and annex hereto copies of any and all reports rendered by you.

S2. As to each person identified in your answer to **Form C Uniform Interrogatory 4,** set forth a summary of all relevant facts relating to this case known to each such person.

S3. Please describe in complete detail the physical examination which you performed on the Plaintiff the first time you saw the Plaintiff for the problem for which you were attending the Plaintiff, and submit a comprehensive list of your findings.

S4. If you have been certified in any specialty by the National Board of Medical Examiners or by any American Specialty or sub-specialty board, please name each such specialty and/or sub-specialty board by which you are certified and the date of your certification.

S5. Please describe in detail the course of the Plaintiff's illness from the time you first undertook the Plaintiff's care for the problem for which you were attending to the Plaintiff until your professional relationship with the Plaintiff terminated.

S6. Please submit a comprehensive list of all diagnostic tests or medical procedures, including routine blood and urine studies, which you ordered or performed on the Plaintiff or which were ordered or performed on the Plaintiff by someone acting in your behalf, from the time you first undertook the Plaintiff's care until your professional relationship with the Plaintiff terminated, and indicate as to each such diagnostic test or medical procedure, the date and time it was ordered, the date and time it was performed, the reason it was felt necessary that it be performed, and the test results.

S7. Please specify precisely and describe fully the treatment, including drugs (with dosages, routes and duration of administration) IV fluids, surgery, physiotherapy, prosthesis, bandages and any other therapeutic agents or measures, which you ordered or prescribed for the Plaintiff from the time you first undertook the Plaintiff's care until the time when your professional relationship with the Plaintiff terminated, indicating as to each the date, time and manner in which you ordered or prescribed it, the date and time it was instituted and the date and time it was completed or discontinued.

S8. State whether any photographs, videos or other recordings of any type were made of any treatment or procedure performed upon the Plaintiff's decedent and if so, identify all such photographs, videos or other recordings and provide a copy of all such photographs, videos or other recordings herewith.

# Civil Case Information Statement

## Case Details: SUSSEX | Civil Part Docket# L-000200-20

**Case Caption:** ESTATE OF WANDA KAEG I  VS ANDOVER SUBACUTE REH A

**Case Initiation Date:** 05/19/2020

**Attorney Name:** DANIEL G MARCHESE

**Firm Name:** THE MARCHESE LAW FIRM, LLC

**Address:** 93 SPRING ST STE 300

NEWTON NJ 07860

**Phone:** 9733833898

**Name of Party:** PLAINTIFF : Estate of Wanda Kaegi

**Name of Defendant's Primary Insurance Company**

(if known): Unknown

**Case Type:** MEDICAL MALPRACTICE

**Document Type:** Complaint with Jury Demand

**Jury Demand:** YES - 6 JURORS

**Is this a professional malpractice case?** YES

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

**Are sexual abuse claims alleged by: Estate of Wanda Kaegi?** NO

**Are sexual abuse claims alleged by: Victor Kaegi?** NO

**Are sexual abuse claims alleged by: Estate of Stephen Blaine?** NO

**Are sexual abuse claims alleged by: Sharon Farrell?** NO

## THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE
### CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** NO

**If yes, is that relationship:**

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
**If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
**If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** YES  **Title 59?** NO  **Consumer Fraud?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

05/19/2020
Dated

/s/ DANIEL G MARCHESE
Signed

# Directory of Superior Court Deputy Clerk's Offices
# County Lawyer Referral and Legal Services Offices

**ATLANTIC COUNTY:**
Deputy Clerk of the Superior Court
Civil Division, Direct Filing
1201 Bacharach Blvd., First Fl.
Atlantic City, NJ 08401

LAWYER REFERRAL
(609) 345-3444
LEGAL SERVICES
(609) 348-4200

**BERGEN COUNTY:**
Deputy Clerk of the Superior Court
Civil Division, Room 115
Justice Center, 10 Main St.
Hackensack, NJ 07601

LAWYER REFERRAL
(201) 488-0044
LEGAL SERVICES
(201) 487-2166

**BURLINGTON COUNTY:**
Deputy Clerk of the Superior Court
Central Processing Office
Attn: Judicial Intake
First Fl., Courts Facility
49 Rancocas Rd.
Mt. Holly, NJ 08060

LAWYER REFERRAL
(609) 261-4862
LEGAL SERVICES
(609) 261-1088

**CAMDEN COUNTY:**
Deputy Clerk of the Superior Court
Civil Processing Office
Hall of Justice
1st Fl.,  Suite 150
101 South 5th Street
Camden, NJ 08103

LAWYER REFERRAL
(856) 482-0618
LEGAL SERVICES
(856) 964-2010

**CAPE MAY COUNTY:**
Deputy Clerk of the Superior Court
9 N. Main Street
Cape May Court House, NJ 08210

LAWYER REFERRAL
(609) 463-0313
LEGAL SERVICES
(609) 465-3001

**CUMBERLAND COUNTY:**
Deputy Clerk of the Superior Court
Civil Case Management Office
60 West Broad Street
P.O. Box 10
Bridgeton, NJ 08302

LAWYER REFERRAL
(856) 696-5550
LEGAL SERVICES
(856) 691-0494

**ESSEX COUNTY:**
Deputy Clerk of the Superior Court
Civil Customer Service
Hall of Records,  Room 201
465 Dr. Martin Luther King Jr. Blvd.
Newark, NJ 07102

LAWYER REFERRAL
(973) 622-6204
LEGAL SERVICES
(973) 624-4500

**GLOUCESTER COUNTY:**
Deputy Clerk of the Superior Court
Civil Case Management Office
Attn: Intake
First Fl., Court House
1 North Broad Street
Woodbury, NJ 08096

LAWYER REFERRAL
(856) 848-4589
LEGAL SERVICES
(856) 848-5360

**HUDSON COUNTY:**
Deputy Clerk of the Superior Court
Superior Court, Civil Records Dept.
Brennan Court House--1st Floor
583 Newark Ave.
Jersey City, NJ 07306

LAWYER REFERRAL
(201) 798-2727
LEGAL SERVICES
(201) 792-6363

**HUNTERDON COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
65 Park Avenue
Flemington, NJ 08822

LAWYER REFERRAL
(908) 236-6109
LEGAL SERVICES
(908) 782-7979

**MERCER COUNTY:**
Deputy Clerk of the Superior Court
Local Filing Office, Courthouse
175 S. Broad Street, P.O. Box 8068
Trenton, NJ 08650

LAWYER REFERRAL
(609) 585-6200
LEGAL SERVICES
(609) 695-6249

**MIDDLESEX COUNTY:**
Deputy Clerk of the Superior Court,
Middlesex Vicinage
2nd Floor - Tower
56 Paterson Street, P.O. Box 2633
New Brunswick, NJ 08903-2633

LAWYER REFERRAL
(732) 828-0053
LEGAL SERVICES
(732) 249-7600

**MONMOUTH COUNTY:**
Deputy Clerk of the Superior Court
Court House
P.O. Box 1269
Freehold, NJ 07728-1269

LAWYER REFERRAL
(732) 431-5544
LEGAL SERVICES
(732) 866-0020

**MORRIS COUNTY:**
Morris County Courthouse
Civil Division
Washington and Court Streets
P. O. Box 910
Morristown, NJ 07963-0910

LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 285-6911

**OCEAN COUNTY:**
Deputy Clerk of the Superior Court
118 Washington Street,  Room 121
P.O. Box 2191
Toms River, NJ 08754-2191

LAWYER REFERRAL
(732) 240-3666
LEGAL SERVICES
(732) 341-2727

**PASSAIC COUNTY:**                                     LAWYER REFERRAL
Deputy Clerk of the Superior Court                     (973) 278-9223
Civil Division                                         LEGAL SERVICES
Court House                                            (973) 523-2900
77 Hamilton Street
Paterson, NJ 07505

**SALEM COUNTY:**                                      LAWYER REFERRAL
Deputy Clerk of the Superior Court                     (856) 935-5629
Attn:  Civil Case Management Office                    LEGAL SERVICES
92 Market Street                                       (856) 691-0494
Salem, NJ 08079

**SOMERSET COUNTY:**                                   LAWYER REFERRAL
Deputy Clerk of the Superior Court                     (908) 685-2323
Civil Division                                         LEGAL SERVICES
P.O. Box 3000                                          (908) 231-0840
40 North Bridge Street
Somerville, N.J. 08876

**SUSSEX COUNTY:**                                     LAWYER REFERRAL
Deputy Clerk of the Superior Court                     (973) 267-5882
Sussex County Judicial Center                          LEGAL SERVICES
43-47 High Street                                      (973) 383-7400
Newton, NJ 07860

**UNION COUNTY:**                                      LAWYER REFERRAL
Deputy Clerk of the Superior Court                     (908) 353-4715
1st Fl., Court House                                   LEGAL SERVICES
2 Broad Street                                         (908) 354-4340
Elizabeth, NJ 07207-6073

**WARREN COUNTY:**                                     LAWYER REFERRAL
Deputy Clerk of the Superior Court                     (908) 859-4300
Civil Division Office                                  LEGAL SERVICES
Court House                                            (908) 475-2010
413 Second Street
Belvidere, NJ 07823-1500



**THE MARCHESE LAW FIRM, LLC**

93 SPRING STREET, SUITE 300, NEWTON, NJ 07860
OFFICE: (973) 383-3898  FAX: (973) 383-7349
EMAIL: dan@marchesefirm.com

**Attorney(s) for Plaintiffs Estate of Wanda Kaegi and Victor Kaegi, and Estate of Stephen Blaine and Sharon Farrell**
**Attorney ID#: 004291998**

| | |
|---|---|
| **ESTATE OF WANDA KAEGI and VICTOR KAEGI, and ESTATE OF STEPHEN BLAINE and SHARON FARRELL,** | : **SUPERIOR COURT OF NEW JERSEY**<br>:  **LAW DIVISION:  SUSSEX COUNTY**<br>:<br>: **DOCKET NO.:  SSX-L-        -20**<br>:<br>: <u>**CIVIL ACTION**</u> |
| **Plaintiffs,** | : |
| **v.** | : **COMPLAINT**<br>: **(Class Action)** |
| **ANDOVER SUBACUTE REHABILITATION CENTER I; ANDOVER SUBACUTE REHABILITATION CENTER II; ALTITUDE HEALTH SERVICES INC.; ALTITUDE INVESTMENTS, LTD; ALLIANCE HEALTHCARE; CHAIM "MUTTY" SCHEINBAUM; LOUIS SCHWARTZ; JOHN AND JANE DOES 1-10; and ABC AND XYZ CORPORATIONS 1-10,** | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |
| **Defendants.** | |

This is an individual, and Class Action, pursuant to <u>Rule</u> 4:32 of the Rules Governing the Courts of the State of New Jersey, on behalf of all persons on and after January 1, 2020 through the Present, who were residents and/or patients of Defendants Andover Subacute Rehabilitation I and Andover Subacute Rehabilitation II (hereinafter also referred to as the "Class") and who died as a result of the Covid-19 outbreak at those facilities, and Plaintiffs, by and through their attorney(s) do say:

1

## **PARTIES**

1.    Plaintiff Victor Kaegi is the son of the deceased, Wanda Kaegi, and is a resident of the State of New Jersey and has applied to become administrator of the Estate of Wanda Kaegi.  Victor Kaegi brings this action on behalf of the Estate of Wanda Kaegi, in his own right and on behalf of all "others similarly situated," whether deceased or next of kin and/or heirs of the deceased.  Plaintiff Sharon Farrell is the sister of the deceased, Stephen Blaine, and is a resident of the State of Florida and likewise has applied to become administrator of the Estate of Stephen Blaine.  She also brings this action on behalf of the Estate of Stephen Blaine, and in her own right and on behalf of all "others similarly situated," whether deceased or next of kin and/or heirs of the deceased.

2.    Plaintiff(s) are representing all "others similarly situated," in this Class Action, such as those residents and/or patients that died as a result of the Defendants' failures in protecting them from the Covid-19 virus during and throughout the outbreak and pandemic, and their heirs, survivors and next of kin.

3.    Defendant Andover Subacute Rehabilitation Center I is located at: 1 Obrien Lane, Lafayette Township, NJ 07848.

4.    Defendant Andover Subacute Rehabilitation Center II is located at: 99 Mulford Road, Lafayette Township, New Jersey  07848.

5.    Defendants Altitude Health Services, Inc. and/or Altitude Investments, LTD, are entities that lease the properties where Defendants Andover Subacute Rehabilitation Centers I and II operate and has a business address of: 2201 Main Street, Evanston, Illinois  60202.

6.    Defendant Alliance Healthcare is a New Jersey domiciled company, with a business address at:1382 Lanes Mill Road, Lakewood, New Jersey  08701, USA, and is owned and/or operated by Defendant Chaim "Mutty" Scheinbaum and Defendant Louis

Schwartz, who also hold the same address. Defendant Alliance Healthcare's motto is: "The Greatest Care in the Most Home-Like Environment."  Defendant Alliance Healthcare operates both Defendants Andover Subacute Rehabilitation Centers I and II.

7.     JOHN and JANE Does 1-10 are as yet unnamed health care professionals (medical doctors, nurses, physician's assistants and other medical professionals duly licensed to practice medicine under the laws of the State of New Jersey), and/or administrators, and/or aides, and/or sanitation workers, and/or orderlies and/or food preparation employees, and/or security officers, who worked at Defendants Andover Subacute Rehabilitation Centers I and II.

8.     ABC and XYZ CORPORATIONS 1-10 are as yet unnamed entities, agents, managers, owners, operators that owned and/or operated Defendants Andover Subacute Rehabilitation Centers I and II.

## STATEMENT OF FACTS

9.     In or about January of 2020, Defendants were made aware of a virus spreading world-wide and nationally, known as Covid-19, that caused severe medical distress and death in individuals who caught the disease, especially the elderly.

10.     COVID-19 can spread rapidly in long-term residential care facilities and persons with chronic underlying medical conditions are at greater risk for COVID-19.

11.     In fact, in February 2020, at a health care facility in Washington State, residents and/or patients there were the first in the nation to suffer from and die as a result of the Covid-19 virus; news of the dire situation and the first deaths in the United States at the Life Care Center in Kirkland, Washington was widespread.

12.     Defendants Andover Subacute Rehabilitation Centers I and II first declared a Covid-19 outbreak on March 26, 2020.

13.     Despite these facts, Defendants failed to take the proper steps to protect the residents and/or patients at their facilities from the Covid-19 virus.

14.     Evidently, at first, Defendants' management provided masks only to registered nurses, not to others who also interacted with residents, including housekeepers, recreation therapists and nursing assistants, among other potential miscues.

15.     As a consequence of Defendants' failures in this regard, Wanda Kaegi, a resident/patient, died on May 2, 2020, with her cause of death confirmed as "Covid-19 virus infection," and Stephen Blaine, also a resident/patient, died on April 11, 2020, with his cause of death confirmed as "Covid-19 infection," as well.

16.     In the wake of the outbreak and the aforementioned failures, at least 50-plus other patients were infected and died at Defendants Andover Subacute and Rehabilitation Centers I and II facilities from Covid-19 infections, and there may be more deaths.

17.     Ms. Kaegi's and Mr. Blaine's death and that of the other residents/patients were a direct result of Defendants' failures to take measures to protect them at the facilities from the deadly Covid-19 virus, and/or medical malpractice.

18.     As a direct and foreseeable consequence of the Defendants' failures in taking safety precautions during the Covid-19 outbreak (pandemic), members of the Class sustained loss, damages, injury and death, and their survivors and/or heirs have also sustained loss and damages as a direct consequence of the same.

19.     The claims asserted herein are premised on negligence and gross negligence, wrongful death and medical malpractice.  Plaintiffs also seek recovery of damages, replete with punitive damages, from all of the Defendants based upon the aforementioned causes of action, and, conduct that was grossly reckless, willful, and wanton, in the face of the Covid-19 outbreak and pandemic.

## CLASS REPRESENTATION ALLEGATIONS

20.    As described above, this is an individual and Class Action pursuant to Rule 4:32 of the Rules Governing the Courts of the State of New Jersey on behalf of all persons that, on and after January 1, 2020 through the Present, were residents and/or patients of Defendants Andover Subacute Rehabilitation I and Andover Subacute Rehabilitation II and who died as a result of the Covid-19 outbreak at those facilities.

21.    There are questions of law and fact which are common to members of the Class which predominate over questions affecting any individual class member.   The common questions include, *inter alia*, the following:

(a)    Whether the fact that the Defendants permitted visitors and/or employees to come to work without first taking their temperatures or requiring them to wear protective masks and/or gear while working with or near the residents and/or patients at the Defendant facilities;

(b)    Whether the fact that the lack of safety and/or preventative measures in the wake of the Covid-19 outbreak and pandemic caused the putative Plaintiff(s) to suffer needlessly and die;

(c)    Whether the actions or inactions of the Defendants that precipitated and/or caused these safety measure lapses were abnormally dangerous and/or in wanton, willful or reckless disregard of the safety and interests of the members of the Class;

(d)    Whether the actions of the Defendants were negligent causing damages to the members of the Class;

(e)    Whether members of the Class sustained damages as a result of the Defendants' safety measures breakdowns and failures;

(f)     Whether the damages sustained by members of the Class were foreseeable by the Defendants, given the widespread news of the injury and death in the wake of the Covid-19 outbreak and pandemic in the United States and the lack of preparedness and taking of proper measures to ensure resident and/or patient safety at the Defendant facilities;

(g)     Whether the conduct of the Defendants, was reckless and/or grossly negligent; and

(h)     Whether the Defendants are liable to the Class for punitive damages.

22.     Plaintiff(s) in this proposed class action assert claims typical of those of the individual members of the proposed Class, namely: negligence, gross negligence, wrongful death and medical malpractice.  Plaintiff(s) interests are not antagonistic to or in conflict with the Class as a whole.  Moreover, Plaintiff(s) and the members of the Class suffered damages in the same or similar ways as a result of the Defendants' actions and/or inactions as described, *infra* and *supra*.  In addition, Plaintiff(s) and the members of the Class are relying on the same legal theories and causes of action.

23.     There are approximately 50-plus total members of this Class currently (possibly more), without consideration of next of kin, survivors and/or heirs.  Therefore, joinder of all members of the Class would be impracticable.

24.     The named Plaintiff(s) will fairly and adequately protect and represent the interests of each member of the Class.  Among other things, Plaintiffs have suffered the same or similar harm as the other members of the Class and will zealously pursue their claims against the Defendants.  In addition, Counsel for Plaintiffs(s) is amply qualified to represent the interests of the Class.  Counsel is a respected member of his legal community, who has been continuously Certified by the Supreme Court as a Civil Trial Attorney since March 6, 2007 (re-certified in 2013, and re-certified again in 2017/2018), and has engaged

6

in complex civil litigation in the State of New Jersey for the past nearly twenty-two (22) years, including medical malpractice matters and class action case(s).

25.      A class action is superior method for adjudicating the controversy.  First, the thousands of dollars that would be required to litigate this case on an individual basis make it unlikely that members of the Class will seek redress for the wrongful conduct alleged.  Moreover, it is desirable to concentrate the litigation in a single forum since the disposition of Class members' claims in a class action will provide substantial benefits to both the parties and the Court, and denial of class certification may result in a multitude of individual suits, with the potential for incongruity of adjudication and results.  Finally, no unusual difficulties are likely to be encountered in the management of this class action, as it is fairly straight forward.  The proceedings can be structured to simplify the initial trial on common issues.  In addition, the Court has flexibility to manage special claims through the creation of a subclass or subclasses and though deferral of individual claims to subsequent claims proceedings.

### **FIRST COUNT**
**(Negligence – Wrongful Death**
**as to Defendants Andover Subacute Rehabilitation Centers I and II, Altitude Health**
**Services Inc., Altitude Investments, LTD, Alliance Healthcare, Chaim "Mutty"**
**Scheinbaum, and Louis Schwartz)**

26.      Plaintiffs hereby incorporate by reference each of the preceding allegations as though fully set forth herein.

27.      Defendants Andover Subacute Rehabilitation Centers I and II, Altitude Health Services Inc.; Altitude Investments, LTD, Alliance Healthcare, Chaim "Mutty" Scheinbaum, and Louis Schwartz owed a duty to Wanda Kaegi, Stephen Blaine, and the residents and/or patients at the Andover Subacute Rehabilitation Centers I and II facilities to keep them safe from outside diseases and/or outbreaks of viruses.

28.     Said Defendants breached their duty to Wanda Kaegi, Stephen Blaine, and the residents and/or patients at the Andover Subacute Rehabilitation Centers I and II by failing to monitor outside visitors to the facilities, food preparation, employees, etc. when the same were dealing with the residents and/or patients at the facilities in order to prevent the spread of the Covid-19 virus therein.

29.     As a direct, proximate and foreseeable consequence of that negligent and careless conduct, Wanda Kaegi, Stephen Blaine, and members of the Class caught the Covid-19 infection and thereafter sustained death, loss and injury, and are entitled to damages.

**WHEREFORE**, Plaintiffs, on behalf of themselves and the members of the Class, respectfully seek and demand judgment as follows:

A.  A determination that this action is a proper class action maintainable under Rule 4:32 of the Rules Governing the Courts of the State of New Jersey; and

B.  An Order certifying the Class defined above and appointing the undersigned as counsel for the Plaintiffs and the Class, pursuant to Rule 4:32; and

C.  Damages in an amount to be determined at trial; and

D.  Pre-judgment and post-judgment interest at the maximum rate allowable at law; and

E.  Punitive damages in an amount to be determined at trial; and

F.  The costs and disbursements incurred by the Plaintiffs in connection with this action, including reasonable attorney's fees; and

G.  Such other and further relief as the Court deems just and proper.

### SECOND COUNT
### (Negligence – Wrongful Death
### as to John and Jane Does 1-10 and ABC and XYZ Corporations 1-10)

30.     Plaintiffs hereby incorporate by reference each of the preceding allegations as though fully set forth herein.

31.     Defendants John and Jane Does 1-10 and ABC and XYZ Corporations 1-10 owed a duty to Wanda Kaegi, Stephen Blaine, and the residents and/or patients at the Andover Subacute Rehabilitation Centers I and II facilities to keep them safe from outside diseases and/or outbreaks of viruses.

32.     Said Defendants breached their duty to Wanda Kaegi, Stephen Blaine, and the residents and/or patients at the Andover Subacute Rehabilitation Centers I and II by failing to monitor outside visitors to the facilities, food preparation, employees, etc. when the same were dealing with Wanda Kaegi, Stephen Blaine, and the residents and/or patients at the facilities in order to prevent the spread of the Covid-19 virus therein.

33.     As a direct, proximate and foreseeable consequence of that negligent and careless conduct, Wanda Kaegi, Stephen Blaine, and the other residents and/or patients at Andover Subacute Rehabilitation Centers I and II caught the Covid-19 infection and thereafter sustained death, loss and injury, and are entitled to damages.

**WHEREFORE**, Plaintiffs, on behalf of themselves and the members of the Class, respectfully seek and demand judgment as follows:

A.  A determination that this action is a proper class action maintainable under Rule 4:32 of the Rules Governing the Courts of the State of New Jersey; and

B.  An Order certifying the Class defined above and appointing the undersigned as counsel for the Plaintiffs and the Class, pursuant to Rule 4:32; and

C.  Damages in an amount to be determined at trial; and

D.   Pre-judgment and post-judgment interest at the maximum rate allowable at law; and

E.   Punitive damages in an amount to be determined at trial; and

F.   The costs and disbursements incurred by the Plaintiffs in connection with this action, including reasonable attorney's fees; and

G.   Such other and further relief as the Court deems just and proper.

## THIRD COUNT

**(Negligence – Medical Malpractice**
**as to John and Jane Does 1-10 – medical doctors, nurses, physician's assistants and other medical professionals duly licensed to practice medicine under the laws of the State of New Jersey)**

34.     Plaintiffs hereby incorporate by reference each of the preceding allegations as though fully set forth herein.

35.     Defendants John and Jane Does 1-10 and ABC and XYZ Corporations 1-10 owed a duty to Wanda Kaegi, Stephen Blaine, and the residents and/or patients at the Andover Subacute Rehabilitation Centers I and II facilities to keep them safe from outside diseases and/or outbreaks of viruses.

36.     Said Defendants breached their duty to Wanda Kaegi, Stephen Blaine, and the residents and/or patients at the Andover Subacute Rehabilitation Centers I and II by failing to monitor outside visitors to the facilities, food preparation, employees, etc. when the same were dealing with Wanda Kaegi, Stephen Blaine, and the residents and/or patients at the facilities in order to prevent the spread of the Covid-19 virus therein.

37.     During the course of treating the Wanda Kaegi, Stephen Blaine, and/or other residents and/or patients and in connection with medical services provided to them at Defendants Andover Subacute Rehabilitation Centers I and II, the Defendants negligently and carelessly failed to exercise ordinary care, failed to exercise that degree of skill, diligence and care commonly exercised by other doctors in like circumstances giving due

10

regard to the existing state of knowledge in medicine, failed to properly treat the Wanda Kaegi, Stephen Blaine, and/or other residents and/or patients, failed to timely diagnose the their condition, failed to apprise them of the risks and options available to them in connection with the services rendered, failed to properly treat their condition and otherwise failed to act as prudent, skillful and careful medical doctors in connection with the services provided to the them prior to and during the outbreak at said facilities.

38.    As a direct and proximate result of the negligence and professional malpractice of the Defendants, as aforesaid, the Wanda Kaegi, Stephen Blaine, and the other residents and/or patients at the Andover Subacute Rehabilitation Centers I and II caught the Covid-19 infection and thereafter sustained great pain and suffering of the mind and body, has and did sustain permanent bodily injuries, has and did incur medical expenses in order to correct the conditions caused by the Defendants, has and was unable to attend to their ordinary routine, employment and affairs and were otherwise damaged and died.

39.    As a direct, proximate and foreseeable consequence of that negligent and careless conduct, Wanda Kaegi, Stephen Blaine, and members of the Class sustained death, loss and injury, and are entitled to damages.

**WHEREFORE**, Plaintiffs, on behalf of themselves and the members of the Class, respectfully seek and demand judgment as follows:

A.  A determination that this action is a proper class action maintainable under <u>Rule</u> 4:32 of the Rules Governing the Courts of the State of New Jersey; and

B.  An Order certifying the Class defined above and appointing the undersigned as counsel for the Plaintiffs and the Class, pursuant to <u>Rule</u> 4:32; and

C.  Damages in an amount to be determined at trial; and

D.  Pre-judgment and post-judgment interest at the maximum rate allowable at law; and

E.  Punitive damages in an amount to be determined at trial; and

F.  The costs and disbursements incurred by the Plaintiffs in connection with this action, including reasonable attorney's fees; and

G.  Such other and further relief as the Court deems just and proper.

## **FOURTH COUNT**

### **(Negligence as proximate cause of incident/injury)**

40.     Plaintiffs hereby incorporate by reference each of the preceding allegations as though fully set forth herein.

41.     The incident, and Wanda Kaegi's, Stephen Blaine's, and the other residents' and/or patients' injuries and damages and deaths, were proximately caused by the negligence of the Defendants as herein alleged.

42.     As a direct and proximate result of the aforesaid negligence and or carelessness of the Defendants, Wanda Kaegi, Stephen Blaine, and the other residents and/or patients of Andover Subacute Rehabilitation Centers I and II caught the Covid-19 infection and thereafter sustained death, loss and injury, and are entitled to damages.

**WHEREFORE**, Plaintiffs, on behalf of themselves and the members of the Class, respectfully seek and demand judgment as follows:

A.  A determination that this action is a proper class action maintainable under Rule 4:32 of the Rules Governing the Courts of the State of New Jersey; and

B.  An Order certifying the Class defined above and appointing the undersigned as counsel for the Plaintiffs and the Class, pursuant to Rule 4:32; and

C.  Damages in an amount to be determined at trial; and

D.  Pre-judgment and post-judgment interest at the maximum rate allowable at law; and

E.  Punitive damages in an amount to be determined at trial; and

F.  The costs and disbursements incurred by the Plaintiffs in connection with this action, including reasonable attorney's fees; and

G.  Such other and further relief as the Court deems just and proper.

## FIFTH COUNT

### (Punitive Damages)

43.  Plaintiffs hereby incorporate by reference each of the preceding allegations as though fully set forth herein.

44.  The actions and/or inactions of the Defendants in the wake of the Covid-19 outbreak and pandemic constituted deliberate acts and/or omissions with knowledge of a high degree of probability of harm and reckless indifference to the consequences.

45.  In that regard, the conduct of the Defendants created a known and likely risk of injury and harm to Wanda Kaegi, Stephen Blaine, and other members of the Class.

46.  Despite and notwithstanding that risk, Defendants acted with conscious indifference to the rights, safety, and welfare of members of the Class.

47.  As a direct, proximate and foreseeable consequence of the Defendants' reckless conduct, Wanda Kaegi, Stephen Blaine, and the other residents and/or patients of Andover Subacute Rehabilitation Centers I and II caught the Covid-19 infection and thereafter sustained loss and injury, and are entitled to punitive damages.

**WHEREFORE**, Plaintiffs, on behalf of themselves and the members of the Class, respectfully seek and demand judgment as follows:

A.  A determination that this action is a proper class action maintainable under Rule 4:32 of the Rules Governing the Courts of the State of New Jersey; and

B.     An Order certifying the Class defined above and appointing the undersigned as counsel for the Plaintiffs and the Class, pursuant to <u>Rule</u> 4:32; and

C.     Damages in an amount to be determined at trial; and

D.     Pre-judgment and post-judgment interest at the maximum rate allowable at law; and

E.     Punitive damages in an amount to be determined at trial; and

F.     The costs and disbursements incurred by the Plaintiffs in connection with this action, including reasonable attorney's fees; and

G.     Such other and further relief as the Court deems just and proper.

## <u>DEMAND FOR TRIAL BY JURY</u>

Plaintiff hereby demands a trial by jury as to all issues.

## <u>DEMAND FOR ANSWERS TO UNIFORM AND SUPPLEMENTAL INTERROGATORIES</u>

PLEASE TAKE NOTICE that pursuant to Rule 4:17-1(b)(ii)(2), Plaintiffs hereby demand answers to Uniform Interrogatories Form C and Form C(3) within sixty (60) days of the filing of Defendants' Answer to this Complaint.

PLEASE TAKE FURTHER NOTICE that pursuant to Rule 4:17-1(b)(i)(1) and Rule 4:17-2, Plaintiffs hereby demand answers to the attached Supplemental Interrogatories within sixty (60) days of the filing of Defendants' Answer to this Complaint.

## <u>DEMAND FOR DISCOVERY OF INSURANCE COVERAGE</u>

Pursuant to New Jersey Court Rule 4:10–2(b), demand is made that Defendants disclose to Plaintiffs' attorney whether or not there are any insurance agreements or policies under which any person or firm carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or indemnify or reimburse for payments made to satisfy the judgment and provide plaintiff's attorney with

true copies of those insurance agreements or policies, including, but not limited to, any and all declaration sheets.  This demand shall include and cover not only primary coverage, but also any and all excess, catastrophe and umbrella policies.

## DEMAND FOR TRANSCRIPTION AND OFFICE RECORDS

Plaintiffs hereby demand that the Defendants produce a certified copy of all office/facility records, telephone calls, billing and payments as well as a typed transcription of any and all of his/her handwritten office records and/or hospital records, within thirty (30) days of service of the Complaint.

## DESIGNATION OF TRIAL COUNSEL

Please take notice that Daniel G.P. Marchese, Esq. is hereby designated as Trial Counsel in this above-captioned matter for the firm of The Marchese Law Firm pursuant to Rule 4:25 et. seq.

THE MARCHESE LAW FIRM, LLC
Attorney(s) for the Plaintiffs Estate of
Wanda Kaegi and Victor Kaegi and
Estate of Stephen Blaine and Sharon Farrell

By:   DANIEL G.P. MARCHESE, ESQ.
      Attorney ID#:  004291998

Dated:     May 19, 2020

15

## CERTIFICATION

Pursuant to R. 4:5-1, the undersigned hereby certifies that this specific controversy and the Plaintiff parties and causes of action set forth herein in this Complaint are not the subject of any other action pending in any other Court or of a pending arbitration proceeding, nor is any action or arbitration proceeding contemplated. Once medical records are obtained, there may be additional parties who should be named and/or joined in this lawsuit. I recognize the continuing obligation of each party to file and serve on all parties and the Court an amended Certification if there is a change in the facts stated in this original Certification.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements are willfully false, I am subject to punishment.

THE MARCHESE LAW FIRM, LLC
Attorney(s) for the Plaintiffs Estate of
Wanda Kaegi and Victor Kaegi and
Estate of Stephen Blaine and Sharon Farrell

By:    DANIEL G.P. MARCHESE, ESQ.
Attorney ID#: 004291998

Dated: May 19, 2020

16

## SUPPLEMENTAL INTERROGATORIES PERMITTED PURSUANT TO RULE 4:17-1(b)(i)

S1. State whether this Defendant has ever served as an expert witness in any matter including, but not limited to matters where you were formally named as an expert, matters in which you provided an expert opinion without being formally named as an expert, etc., and set forth the name of the matter or matters, the name of the attorney or other entity retaining you, whether you testified in either a deposition or at trial and annex hereto copies of any and all reports rendered by you.

S2. As to each person identified in your answer to **Form C Uniform Interrogatory 4,** set forth a summary of all relevant facts relating to this case known to each such person.

S3. Please describe in complete detail the physical examination which you performed on the Plaintiff the first time you saw the Plaintiff for the problem for which you were attending the Plaintiff, and submit a comprehensive list of your findings.

S4. If you have been certified in any specialty by the National Board of Medical Examiners or by any American Specialty or sub-specialty board, please name each such specialty and/or sub-specialty board by which you are certified and the date of your certification.

S5. Please describe in detail the course of the Plaintiff's illness from the time you first undertook the Plaintiff's care for the problem for which you were attending to the Plaintiff until your professional relationship with the Plaintiff terminated.

S6. Please submit a comprehensive list of all diagnostic tests or medical procedures, including routine blood and urine studies, which you ordered or performed on the Plaintiff or which were ordered or performed on the Plaintiff by someone acting in your behalf, from the time you first undertook the Plaintiff's care until your professional relationship with the Plaintiff terminated, and indicate as to each such diagnostic test or medical procedure, the date and time it was ordered, the date and time it was performed, the reason it was felt necessary that it be performed, and the test results.

S7. Please specify precisely and describe fully the treatment, including drugs (with dosages, routes and duration of administration) IV fluids, surgery, physiotherapy, prosthesis, bandages and any other therapeutic agents or measures, which you ordered or prescribed for the Plaintiff from the time you first undertook the Plaintiff's care until the time when your professional relationship with the Plaintiff terminated, indicating as to each the date, time and manner in which you ordered or prescribed it, the date and time it was instituted and the date and time it was completed or discontinued.

S8. State whether any photographs, videos or other recordings of any type were made of any treatment or procedure performed upon the Plaintiff's decedent and if so, identify all such photographs, videos or other recordings and provide a copy of all such photographs, videos or other recordings herewith.